### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACEY L. HEMPHILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-07-0817-HE |
| | ) |
| JUSTIN JONES, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff Stacey L. Hemphill, a state prisoner appearing *pro se*, brought a civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations by various prison officials and employees. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts. Defendants filed a motion to dismiss or, in the alternative, for summary judgment, which the Magistrate Judge has construed as a motion for summary judgment. After considering the motion and plaintiff's responses, the Magistrate Judge recommends that defendant's motion be granted.

Plaintiff has filed both an objection to the Report and Recommendation and a supplemental objection to the Report and Recommendation. The court makes a *de novo* determination of those parts of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1). Further, because plaintiff is proceeding *pro se*, his pleadings are liberally construed. *See* Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007). Plaintiff has also filed motions to introduce evidence, for an evidentiary hearing, for a joint discovery plan, for leave to file for supplemental relief and requesting a preliminary

injunction. For the reasons stated below, the court adopts the Report and Recommendation and denies plaintiff's motions.

## Background

Plaintiff filed his complaint while residing at the Oklahoma State Reformatory in Granite, Oklahoma. After being moved to the Lawton Correctional Facility, plaintiff filed an amended complaint and a second amended complaint. Plaintiff argues that defendants denied him free exercise of his religious rights, retaliated against him, and denied him due process rights during misconduct proceedings.

Defendants have asserted the affirmative defense that plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 requires that a prisoner exhaust all available remedies before resorting to a § 1983 action in federal court. 42 U.S.C. § 1997e(a). Defendants argue that plaintiff has repeatedly filed grievances that did not comply with appropriate requirements and did not appropriately appeal grievances that were denied.

## Discussion

Plaintiff objects to the Report and Recommendation arguing that the Magistrate Judge erred by not considering all of his arguments. Plaintiff's objection misconstrues the Report and Recommendation and the materials that were taken into consideration by the Magistrate Judge. The Magistrate Judge appropriately considered all materials submitted by plaintiff prior to issuing the Report and Recommendation. Plaintiff also disagrees with the Magistrate Judge's recommendations as to motions that were pending at the time the Report and

Recommendation was issued, reurging the same arguments that were made to Magistrate Judge Roberts. The court concludes, for substantially the same reasons set forth by the Magistrate Judge, that the disposition recommended by the report as to these motions is correct.

Plaintiff also objects to the Report and Recommendation findings that he had not adequately exhausted his administrative remedies.[1] Predominantly, plaintiff's objections reiterate his arguments to the Magistrate Judge that he exhausted all available remedies in the grievance process. As to these arguments, the court substantially agrees with the reasoning and conclusions of the Report and Recommendation. Plaintiff also argues that because prison officials had accepted requests and grievances that contained or were signed with the moniker "a.k.a. 'Apokalypse God Allah,'" later grievances signed in a similar manner were appropriately filed. Plaintiff, however, was given the opportunity to refile the grievances that were rejected for this reason after being informed of the appropriate filing requirements. That plaintiff elected not to follow the defined procedures from that point forward does not establish an exhaustion of administrative remedies. Plaintiff further argues that two specific grievances, OSR-07-007 and OSR-07-022 were improperly rejected by officials because they were emergency or sensitive grievances and did not have to conform to the informal resolution procedures. OSR-07-007 and OSR-07-022 do not qualify as emergency or sensitive grievances, however, because neither has "emergency" or "sensitive"

---

[1] *Plaintiff also appears to object to the summary judgment standard applied by the Magistrate Judge. The court concludes that standard was appropriate in the circumstances existing here.*

written at the top as required by Oklahoma Department of Corrections policy OP-090124 § VIII.A. For substantially the same reasons as stated in the Report and Recommendation, the court concludes that plaintiff has failed to exhaust his administrative remedies.

Finally, plaintiff objects to the Magistrate Judge's recommendation that defendant's summary judgment motion should be granted as to plaintiff's due process claims. Because plaintiff failed to exhaust his administrative remedies as to any alleged constitutional violations arising from his misconduct proceedings, the court agrees with the Magistrate Judge's recommendation.

The court concludes that plaintiff has failed to exhaust his administrative remedies as to all claims in his complaint. Defendants have shown that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Because the court concludes that summary judgment is appropriate, plaintiff's various motions relating to trial preparation are denied. Plaintiff's motion for a preliminary injunction is also denied, the court having concluded that plaintiff has failed to show a substantial likelihood of success on the merits of the case. *See* Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001) (stating test for preliminary injunctions).

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #75]. Defendant's motion for summary judgment [Doc. #47] is **GRANTED**. Plaintiff's motion to amend his objections [Doc. #67] and defendants' motion to strike [Doc. #85] are **DENIED** as moot. Plaintiff's motions for appointment of counsel [Doc. #49], for default judgment [Doc. #72], to introduce evidence [Doc. #78], for an evidentiary hearing [Doc. #79], for joint

discovery [Doc. #80], and for leave to file a supplement brief and request for preliminary injunction [Doc. #89] are **DENIED**.

**IT IS SO ORDERED.**

Dated this 18th day of December, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE